IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ALFRED B. LEVINE | § | |
| | § | |
| *Plaintiff*, | § | |
| vs. | § | |
| | § | |
| CASIO AMERICA, INC., DELL INC., | § | Case No. _____ |
| HEWLETT-PACKARD COMPANY, | § | |
| HUAWEI TECHNOLOGIES CO., LTD., | § | **JURY TRIAL DEMANDED** |
| NOKIA, INC., PANTECH WIRELESS, INC., | § | |
| PERSONAL COMMUNICATIONS | § | |
| DEVICES, LLC, SONY ERICSSON MOBILE | § | |
| COMMUNICATIONS (USA) INC., and | § | |
| ZTE (USA) INC. | § | |
| | § | |
| *Defendants*. | § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Alfred B. Levine ("Levine") brings this action against defendants Casio America, Inc. ("Casio"), Dell Inc. ("Dell"), Hewlett-Packard Company ("HP"), Huawei Technologies Co., Ltd. ("Huawei"), Nokia, Inc. ("Nokia"), Pantech Wireless, Inc. ("Pantech"), Personal Communications Devices, LLC ("PCD"), Sony Ericsson Mobile Communications (USA) Inc. ("Sony Ericsson"), and ZTE (USA) Inc. ("ZTE"), and alleges:

**THE PARTIES**

**1.** Levine is the inventor of and owns the entire right, title, and interest in the patents at issue in this case.

**2.** On information and belief, Casio is a corporation organized and existing under the laws of New York, has a principal place of business at 570 Mount Pleasant Avenue, Dover, NJ, 07801-1620, has designated its registered agent for purposes of service of process as Corporation

Service Company, 80 State Street, Albany, New York, 12207-2543, and is doing business in this judicial district.

3.     On information and belief, Dell is a corporation organized and existing under the laws of Delaware, has a principal place of business at 1 Dell Way, Round Rock, Texas 78682-7000, has designated its registered agent for purposes of service of process in Texas as Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218, and is doing business in this judicial district.

4.     On information and belief, HP is a corporation organized and existing under the laws of Delaware, has a principal place of business at 3000 Hanover Street, Palo Alto, California 94304-1112, has designated its registered agent for purposes of service of process in Texas as CT Corporation System, 350 N. Saint Paul Street, Dallas, Texas 75201-4240, and is doing business in this judicial district.

5.     On information and belief, Huawei is a Chinese company with a principal place of business at HQ Office Building, Huawei Industrial Base, Bantian, Longgang District, Shenzhen 518129, People's Republic of China, where it may be served with process. Huawei has its North American Headquarters located within this judicial district at 1700 Alma Drive, Suite 100, Plano, Texas 75075, and is doing business in this judicial district.

6.     On information and belief, Nokia is a corporation organized and existing under the laws of Delaware, has a principal place of business at 6000 Connection Drive, Irving, Texas, 75039-2600, has designated its registered agent for purposes of service of process in Texas as National Registered Agents, Inc., 16055 Space Center Boulevard, Suite 235, Houston, Texas, 77062-6212, and is doing business in this judicial district.

7. On information and belief, Pantech is a corporation organized and existing under the laws of California, has a principal place of business at 5607 Glenridge Drive, Suite 500, Atlanta, Georgia, has designated its registered agent for purposes of service of process as Kathleen Elizabeth Jones, 5607 Glenridge Drive NE, Suite 500, Atlanta, Georgia 30342-4998, and is doing business in this judicial district.

8. On information and belief, PCD is a limited liability company organized and existing under the laws of Delaware, has a principal place of business at 555 Wireless Blvd., Hauppauge, New York 11788, has designated its registered agent for purposes of service of process as Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, and is doing business in this judicial district.

9. On information and belief, Sony Ericsson is a corporation organized and existing under the laws of Delaware, has a principal place of business at 7001 Development Drive, Research Triangle Park, North Carolina 27709, has designated its registered agent for purposes of service of process in Texas as Capitol Corporate Services, Inc., 800 Brazos Street, Suite 400, Austin, Texas 78701-2548, and is doing business in this judicial district.

10. On information and belief, ZTE is a corporation organized and existing under the laws of New Jersey, has a principal place of business at 2425 N. Central Expressway, Suite 600, Richardson, Texas 75080, has designated its registered agent for purposes of service of process in Texas as Li Mo, 4585 Spencer Drive, Plano, Texas 75024-6355, and is doing business in this judicial district.

## JURISDICTION AND VENUE

11. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.

**12.**     Subject-matter jurisdiction over Levine's claims is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a).

**13.**     On information and belief, each defendant has solicited business in the State of Texas, transacted business within the State of Texas and attempted to derive financial benefit from residents of the State of Texas, including benefits directly related to the instant patent infringement cause of action set forth herein.

**14.**     On information and belief, each defendant has made, used, sold, offered for sale and/or imported infringing wireless navigation systems and/or devices, and/or have each placed such infringing systems and/or devices into the stream of commerce, which systems and/or devices have been made, offered for sale, sold, and/or used in the State of Texas.  For example, these navigation systems are available through, from, or on behalf of AT&T, Sprint, T-Mobile, and Verizon Wireless, and the devices of the Defendants are cellular handsets with navigation capabilities.  This Court therefore has personal jurisdiction over each defendant.

**15.**     Each defendant is subject to personal jurisdiction in Texas and this judicial district, and is doing business in this judicial district.

**16.**     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and (d) and 1400(b).

COUNT I – INFRINGEMENT OF THE '030 PATENT

**17.**     Levine realleges and incorporates by reference the allegations in paragraphs 1-16.

**18.**     On June 5, 2001, U.S. Patent No. 6,243,030 ("the '030 patent"), entitled "Electronic Wireless Navigation System," a copy of which is attached hereto as Exhibit A, was duly and legally issued.  Levine is the owner of all right, title and interest in and to the '030 patent, including the right to sue for and recover all past, present and future damages for infringement of the '030 patent.

19.     Each defendant has, alone and in conjunction with others, in the past and continues to infringe, contribute to infringement, and/or induce infringement of the '030 patent by making, using, selling, offering to sell and/or importing, and/or causing others to use, wireless navigation systems, devices, and services that alone or combined are covered by at least one claim of the '030 patent, and are liable for infringement of the '030 patent pursuant to 35 U.S.C. § 271.

20.     One or more of these defendants have committed acts of patent infringement in this district by making, using, offering to sell and selling cellular handsets in this district which in use and/or in combination with other devices and/or systems infringe one or more claims of the '030 patent.

21.     Levine previously notified defendant Nokia of the '030 patent. Despite such notification Nokia has continued its infringement of the '030 patent. On information and belief, defendant Nokia's infringement of the '030 patent has therefore been with notice and knowledge of the '030 patent and has been willful and deliberate.

22.     Each defendant's acts of infringement have caused damage to Levine, and Levine is entitled to recover from each defendant the damages sustained by Levine as a result of each defendant's wrongful acts in an amount subject to proof at trial.

23.     As a consequence of the infringement complained of herein, Levine has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless each defendant is enjoined by this Court from committing further acts of infringement.

### COUNT II – INFRINGEMENT OF THE '943 PATENT

24.     Levine realleges and incorporates by reference the allegations in paragraphs 1-23.

25. On October 31, 2000, U.S. Patent No. 6,140,943 ("the '943 patent"), entitled "Electronic Wireless Navigation System," a copy of which is attached hereto as Exhibit B, was duly and legally issued. Levine is the owner of all right, title and interest in and to the '943 patent, including the right to sue for and recover all past, present and future damages for infringement of the '943 patent.

26. Each defendant has, alone and in conjunction with others, in the past and continues to infringe, contribute to infringement, and/or induce infringement of the '943 patent by making, using, selling, offering to sell and/or importing, and/or causing others to use, wireless navigation systems, devices, and services that alone or combined are covered by at least one claim of the '943 patent, and are liable for infringement of the '943 patent pursuant to 35 U.S.C. § 271.

27. One or more of these defendants have committed acts of patent infringement in this district by making, using, offering to sell and selling products and services in this district which in use and in combination with other devices and/or systems infringe one or more claims of the '943 patent.

28. Levine previously notified defendant Nokia of the '943 patent. Despite such notification, Nokia has continued its infringement of the '943 patent. On information and belief, defendant Nokia's infringement of the '943 patent has therefore been with notice and knowledge of the '943 patent and has been willful and deliberate.

29. Each defendant's acts of infringement have caused damage to Levine, and Levine is entitled to recover from each defendant the damages sustained by Levine as a result of each defendant's wrongful acts in an amount subject to proof at trial.

30. As a consequence of the infringement complained of herein, Levine has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by

such acts in the future unless each defendant is enjoined by this Court from committing further acts of infringement.

### PRAYER FOR RELIEF

**WHEREFORE**, Levine prays for entry of judgment that:

**A.** Each defendant has infringed the '030 patent;

**B.** Each defendant has infringed the '943 patent;

**C.** Defendant Nokia's infringement, contributory infringement and/or induced infringement of the '030 and '943 patents has been willful and deliberate;

**D.** Each defendant account for and pay to Levine all damages caused by its individual and/or joint infringement of the '030 patent and/or the '943 patent as complained of herein in accordance with 35 U.S.C. § 284;

**E.** The Court increase the amount of damages with respect to defendant Nokia's infringement to three times the amount found or assessed by the Court because of the willful and deliberate nature of the infringement, in accordance with 35 US.C. § 284;

**F.** Levine be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining each defendant, its officers, agents, servants, employees and those persons in active concert or participation with them from further acts of patent infringement;

**G.** Levine be granted pre-judgment and post-judgment interest on the damages caused to him by reason of each defendant's patent infringement complained of herein;

**H.** Levine be granted his reasonable attorneys' fees;

**I.** Costs be awarded to Levine; and,

**J.** Levine be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Levine demands trial by jury on all claims and issues so triable.

Respectfully submitted,

Dated: January 28, 2010    By: /s/ S. Calvin Capshaw
John T. Polasek
State Bar. No. 16088590
tpolasek@pqelaw.com
C. Dale Quisenberry
State Bar No. 24005040
dquisenberry@pqelaw.com
Jeffrey S. David
State Bar No. 24053171
jdavid@pqelaw.com
POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
6750 West Loop South, Suite 920
Bellaire, Texas 77401
Telephone: (832) 778-6000
Facsimile: (832) 778-6010

S. Calvin Capshaw
State Bar No. 03783900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
ederieux@capshawlaw.com
CAPSHAW DERIEUX, L.L.P.
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

ATTORNEYS FOR PLAINTIFF