# United States District Court
### EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| ALFRED B. LEVINE | § | |
| | § | |
| v. | § | Case No. 2:11-cv-56 |
| | § | |
| CASIO AMERICA, INC. , ET AL. | § | |

## ORDER DENYING STAY

Before the Court is a motion for limited stay (Doc. No. 179) filed jointly by Defendants Casio America Inc., Dell Inc., Hewlett-Packard Co., Huawei Technologies Co., Ltd., Nokia Inc., Pantech Wireless, Inc., Personal Communications Devices, LLC, Sony Ericsson Mobile Communications (USA) Inc., and ZTE (USA) Inc. Having considered the undisputed facts and the applicable law, the Court **DENIES** the motion.

### I.  BACKGROUND

Defendants seek to stay all proceedings in this case pending the resolution of the earlier filed *Levine v. Samsung TeleCommunications America, LLC,* Case No. 2:09-cv-372 (E.D. Tex. filed Nov. 30, 2009) (*Levine I*). In both cases, Plaintiff Alfred B. Levine alleges defendants infringe U.S. Patents Nos. 6,140,943 and 6,243,030 covering electronic wireless navigation systems. Plaintiff's allegations in *Levine I* include both system claims and receiver claims. The system claims are raised against telecommunication network carriers, such as Sprint, AT&T, T-Mobile, and Verizon Wireless, and receiver claims against cellular telephone handset suppliers, such as HTC, Kyocera, LG, PAL, RIM, and Sanyo. In the instant suit, Plaintiff accuses additional handset suppliers of infringement.

Defendants contend that the resolution of *Levine I* will be dispositive on this suit. Specifically, Defendants argue that a finding of non-infringement or invalidity in *Levine I* will

resolve this action. Additionally, Defendants contend that an infringement and damages finding in *Levine I* would bar duplicative recovery in this suit.

## II. LEGAL STANDARD

A district court has the inherent authority to stay proceedings. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). In deciding whether to stay a proceeding, the Court "must weigh competing interests and maintain an even balance." *Id.* at 254–55. In particular, the Court "must first identify a pressing need for the stay, and then balance those interests against interests frustrated by the action." *In re Sacramento Mun. Util. Dist.*, 395 F. App'x 684, 687–88 (Fed. Cir. 2010) (citing *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997)); *see also Nguyen v. BP Exploration & Prod., Inc.*, Case No. H-10-2484, 2010 WL 3169316, at *1 (S.D. Tex. Aug. 9, 2010) (addressing factors such as: (1) the potential prejudice to the nonmoving party from a brief stay; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation).[1]

## III. DISCUSSION

Given the nature of the claims raised in *Levine I*, Defendants contend that a stay is appropriate. Defendants insist that Plaintiff will suffer no prejudice from a brief stay. In particular, Defendants argue that the instant case is in its early stages and that the parties have expended minimal resources. In contrast, Defendants note that *Levine I* is in its latter stages of

---

[1] The parties recite the considerations for determining a stay as: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). The Court finds this standard is more appropriately applied "in deciding whether to stay litigation pending reexamination." *Id.*

litigation. In *Levine I,* the Court has already issued a claim construction order, and the final pretrial conference is set for January 7, 2013. Defendants additionally conclude that the resolution of *Levine I* will terminate this suit. According to Defendants, a non-infringement or invalidity finding in *Levine I* would bar Plaintiff's claims in this case. Similarly, Defendants allege that if Plaintiff prevailed on the merits in *Levine I*, he would nevertheless be unable to pursue the claims in this suit because they are duplicative of those raised in *Levine I*.

The Court is unpersuaded by Defendants' argument and finds no pressing need for a stay. Granting a stay would interfere with Plaintiff's ability to enforce his patent rights. Defendants cannot delay litigation simply because Plaintiff did not include them in the earlier filed action. Plaintiff's complaint specifically alleges that each defendant in this case directly infringes the patent. Although some issues may be resolved in *Levine I*, the Court is unpersuaded that the resolution of that case would entirely resolve the instant matter. Ultimately, judicial economy would be better served by allowing both cases to proceed contemporaneously.

Defendants explain that any stay would be brief because it would only last until *Levine I* is resolved. Currently, the final pretrial conference in *Levine I* is scheduled for January 7, 2013, with trial commencing shortly thereafter. Following trial, the parties may engage in post-trial briefing and appeals. Thus, it is uncertain when *Levine I* will be completely resolved. In such circumstances, the Court is unwilling to provide Defendants with an indefinite stay. *See In re Sacremento Mun. Util. Dist.*, 395 F. App'x at 687 ("A trial court may abuse its discretion if it issues 'a stay of indefinite duration in the absence of a pressing need.'") (quoting *Landis*, 299 U.S. at 255). Importantly, Defendants have not identified any hardship or inequity that would result if this action is not stayed. Because a stay in this case would needlessly prolong litigation, the Court denies Defendants' motion to stay.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for a Limited Stay (Doc. No. 179) is **DENIED**.

**It is SO ORDERED.**

**SIGNED this 2nd day of May, 2012.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE